**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**HEATH ALLEN UMPHENOUR,**

                **Petitioner,**

    **v.**                                            **CASE NO. 26-3040-JWL**

**DONALD C. LANGFORD,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Heath Allen Umphenour, a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. The Court has provisionally granted Petitioner leave to proceed in forma pauperis. (Doc. 7.) This matter comes now before the Court on the petition (Doc. 5) submitted on the required, court-approved form and Petitioner's motion for appointment of counsel (Doc. 3). The motion for appointment of counsel asserts that this Court has jurisdiction over this matter, this Court has the authority to appoint counsel to represent him, Petitioner lacks the financial resources to retain counsel, and the issues in this matter "are complicated and would be better handled by someone trained in the law." (Doc. 3, p. 1-2.).

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, \*1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The burden is on the applicant to convince the court that there is sufficient merit to his

1

claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

The Court concludes that the interest of justice does not require the appointment of counsel in this case. Although Petitioner's asserted grounds for federal habeas relief may be complicated, he has clearly articulated them in the petition. Moreover, it is unlikely that any investigation of the underlying facts will be required, since federal habeas cases brought by state prisoners such as Petitioner generally are decided on the record that was before the state courts. Thus, the motion for appointment of counsel will be denied.

The Court also has conducted an initial review of the petition (Doc. 5) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED**

1. The motion for appointment of counsel (**Doc. 3**) is **denied.**

2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent shall file an answer on or before **June 1, 2026** showing why the writ should not be granted based on the arguments in the petition (Doc. 5).

3. That the answer should present:

    a. The necessity for an evidentiary hearing on the grounds alleged in Petitioner's pleading;

    b. Whether any argument therein is barred by a statute of limitations, the failure to exhaust state remedies, or any other procedural bar; and

    c. An analysis of the asserted grounds for relief and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5. That Petitioner be granted to and including **July 1, 2026** to file a traverse—or reply—to the answer, admitting or denying, under oath, all factual allegations therein contained.

6. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 1st day of April, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

3