**FILED**
**U.S. District Court**
**District of Kansas**
06/29/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HEATH ALLEN UMPHENOUR,

      **Petitioner,**

  v.              CASE NO. 26-3040-JWL

DONALD C. LANGFORD,

      **Respondent.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas prisoner Heath Allen Umphenour in March 2026. (Doc. 1.) As this case currently stands, the Court has ordered Respondent Donald C. Langford to file an answer to the petition on or before July 30, 2026. (Docs. 8 and 10.) This matter comes now before the Court on Petitioner's motion "for leave to pursue state remedies and amend" his federal habeas petition. (Doc. 11.)

In the motion, Petitioner explains that he is pursuing a K.S.A. 60-1507 action in state district court and he has recently discovered information related to issues that are or could be raised in that action.. *Id.* at 1-2. Therefore, Petitioner wishes to amend his federal habeas petition to preserve all issues for federal habeas review. To his credit, Petitioner recognizes that if he amended his federal habeas petition to raise newly discovered issues to this Court, he would present a mixed federal habeas petition which would be subject to dismissal without prejudice so that he could exhaust available state court remedies on the unexhausted claims. *Id.*; *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (holding that federal court faced with mixed petition generally should dismiss without prejudice to allow exhaustion of state-court remedies). Thus, Petitioner asks "that

1

he be granted permission for leave of the Court to pursue [s]tate remedies and [a]mend his 2254 petition" or, in the alternative, that this Court "dismiss without prejudice so these remedies[ ]may be pursued." (Doc. 11, p. 2.) Petitioner notes that enough time remains in the federal habeas statute of limitations to allow him to file a new § 2254 petition after exhausting state remedies. *Id.*

The Court has reviewed the dates relevant to Petitioner's calculation of the time remaining in the federal habeas statute of limitations, 28 U.S.C. § 2244(d), and agrees that Petitioner is not so "close to the end of the 1-year period" that this Court should to stay this case and hold it in abeyance pending completion of the current K.S.A. 60-1507 action. *See Rhines v. Weber*, 544 U.S. 269, 275, 277-78 (2005) (identifying circumstances under which a federal court may stay federal habeas proceedings to permit exhaustion of state court remedies). Thus, the Court will dismiss this federal habeas matter without prejudice so that Petitioner may exhaust available state court remedies. Petitioner is cautioned that if he wishes to seek federal habeas relief after exhaustion of state remedies, he must begin his new federal habeas case within the federal habeas statute of limitations and in compliance with all other applicable procedural rules.

**IT IS THEREFORE ORDERED** that Petitioner's motion (Doc. 11) is **granted**. This matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:   This 29th day of June, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge